May it please the Court, my name is Davina Chen and I'm the attorney for Jose Ruiz-Camarena. Your Honors, my client is serving an illegal sentence because the court that imposed the sentence did not have the authority to impose that sentence. There's no dispute in this case that the underlying convictions were Class B misdemeanors. And there's no dispute that Class B misdemeanors do not carry a term of supervised release. That is, the District Court did not have the authority to impose supervised release to begin with. And there's no dispute that a District Court cannot impose prison for a violation of supervised release that the defendant was not lawfully on. Ms. Chen, let me back you up a little bit. It seems to me that we have, there's an assumption here that I'd like to talk with you about. First of all, we have a plea agreement under which the defendant waived indictment and agreed to proceed by way of information. So to the extent that there might be an argument based upon a defect in the indictment, hasn't he waived that argument by the entry into the plea agreement? No, Your Honor, because for two reasons. First of all, there wasn't information. In every case, there's required to be an adequate charging paper. In this case, that charging paper was the information. In fact, when a defendant enters a plea, isn't the rule that he gives up all of those kinds of challenges that would otherwise be the subject of a pretrial motion to dismiss or attack the charging instrument? He's not saying that there was no jurisdiction to proceed at all. And I would agree with the Court. I think your brief says that, and I think the case turns on it, because if the district court had subject matter jurisdiction over what is arguably a federal crime, a reentry which can be a misdemeanor or a felony, then what we're really talking about, I think, is an attack on the sufficiency of the charge. And that's where I'm stuck on the waiver issue, which I think flows from the fact that this was a negotiated plea, a waiver of the Fifth Amendment right to grand jury indictment, and then a stipulated 11E1C sentence. Your Honor, in the case of Rodriguez-Gonzalez, which is the case that held that indeed the proof of the prior element,  it was another fast-track plea in federal court. The parties stipulated that it was a 30-month sentence, and the Court sentenced the defendant to 12 months. And the reason the Court sentenced the defendant to 12 months is that is the statutory maximum term. The case law is clear that a defendant cannot agree to a sentence in excess of the statutory maximum. But the statute provides for treatment as either a misdemeanor or a felony if he has a prior misdemeanor reentry, correct? Yes, Your Honor. So that it could have been charged as an initial misdemeanor reentry, then a second felony reentry, in which case the 30-month prison sentence would be within the permissible statutory maximum. So I go back to the question that I'm hung up on, which I think is determinative of your appeal. If he has waived all of those challenges, and if the facts would otherwise have supported a misdemeanor and a felony, then where is the constitutional error here that requires us to reverse? Your Honor, in the case of U.S. v. Snyder, which I cited in my brief, the defendant there also agreed, per a plea agreement, to pay restitution. The Court ordered restitution, and then the defendant appealed. And he argued that he could not agree, pursuant to a plea agreement, to a penalty that the conviction, which was entered pursuant to the plea agreement, could not support. There is no dispute in this case that the actual conviction that was supported both by the charging information and by the plea agreement and by the plea colloquy, Your Honor, were Class V misdemeanors. Mr. Ruiz, come on. Where do I find that in the plea agreement? I didn't see that. I see a possible maximum sentence, which was stipulated. Yes, Your Honor, and that was an advisement. And I see a waiver of indictment. I don't see a claim that there are two misdemeanors here. Your Honor, in the plea agreement, the defendant is advised as to what the elements of the offense are. And in the plea agreement, it is not he was not advised that one of the elements of the second offense of illegal entry was that there be a prior conviction. That would be at the government's excerpt of record, Nature of the Offense, page 2. Nowhere is he advised that the government must both in charge and prove beyond a reasonable second conviction came after a first conviction, Your Honor. But you're back challenging a claim that by virtue of a plea the defendant waives and agrees not to make. Because if I look further down on page 2, he's specifically told that the statutory maximum penalty can be up to two years' imprisonment. And that was a second count. Yes, Your Honor, and that was an inaccurate advisement. Why? It's an inaccurate advisement because every case requires a charging paper, Your Honor. In this case, a charging paper. If you're hung up on the charging paper, I want to go to the facts. This is a stipulated plea. So the defendant is agreeing, yes, I entered twice. Yes, Your Honor. He's agreeing to waive the attack that you are now making, which is a charge to the sufficiency of the charging instrument. And the sufficiency of the proof, Your Honor. In a case which I did not cite in my briefs. But he doesn't deny that he entered the second time, does he? In fact, he had to admit to that in order to enter the plea. And certainly, Your Honor, if we were filing a direct appeal of the 2001 conviction and the government asserted these defenses, all the court's questions would be valid. But we are now at a different stage, where in 2005, this revocation was in 2004, and there can be no dispute that at that time the district. It's very dangerous to talk about the validity of a question, because if two-thirds of the court agree that it's valid, it's valid. Your Honors, may I direct your attention to the case of U.S. v. Rodriguez? No, I'm suggesting that instead of making a judgment call, you should answer the judge's question and tell him what you think the record shows. And in the case of U.S. v. Rodriguez, which is at 682 F. 2nd, 827, it's the Ninth Circuit case of 1982, and I apologize that I did not cite it in my brief. Would you submit that on a sheet to this Court in opposing counsel, please? The site, Your Honor? You don't need to do it right now. Okay. In that case, it was an appeal of a revocation of probation. And in that case, what happened was that the district court had imposed a term of five years probation, and then over the years had increasingly extended the term of probation. So it was five years, and then it was five years again. I believe it was five years a third time. Each time, the defendant consented. Each time that the probation was extended, he consented to the five-year term. He didn't contest the court's jurisdiction. He did not object. He did not file a direct appeal. He did not file a 2255 motion. He consented. On the final time, the court issued a warrant for his arrest, and he moved to quash the warrant, saying, those extensions of the probation were unlawful. I don't know what the government argued below, but I know that this court held that that was right. The extensions of probation were unlawful, and the defendant could not have consented to the extensions of this probation. The defendant could not consent. Isn't that different from the case here? Because he could have been sentenced to a two-year term of imprisonment for the second illegal reentry. There's no question that the law provides for that. Yes, Your Honor, but that's not what was charged. But isn't that – forget about the – you're hung up on the charge, and let's assume for the sake of my question that you lose on the attack on the charging instrument. Now, my question for you is, isn't your case distinguishable where the defendant agreed to extend the five-year term of probation beyond the five years that the statute provides? It would be as if he had agreed, you can punish me by sending me to prison for ten years, even though the statute only provides for two. Isn't that the direct analogy? Right, and I believe that's what happened in this case. That's the case, then. Well, how can that case control where he could have been initially indicted by a grand jury and charged for the second offense as a felony and punished accordingly? Your Honor, if a defendant commits an armed bank robbery and is charged for an unarmed bank robbery and in its factual basis for his plea admits all the elements of the offense of an armed bank robbery, the district court cannot sentence him as if he had been convicted of an armed bank robbery. Is that lack of jurisdiction, then, to sentence him? Jurisdiction is a very difficult word to use, Your Honor, because I believe that Judge Tallman is correct. The courts have held that as long as the court has jurisdiction over a case, they have jurisdiction. I would say that he didn't have the authority to sentence him in excess of the statutory maximum. As in Snyder, the defendant agreed to pay restitution. He agreed to pay restitution, which was, in fact, in excess of what was authorized by the Victim Witness Protection Act. The court of appeals held, no, well, you didn't have jurisdiction or you didn't have the power or you didn't have the authority to sentence someone to more than the statute allows. Of course, in that case, the person could have been charged with a different crime, and if he had been charged with a different crime, it would have permissibly held a restitution term. But he wasn't. And in this case, similarly, yes, Mr. Ruiz Camarena could have been charged with a different crime. He could have admitted all the elements of a different crime. And had he done all those things, the district court would have had jurisdiction to impose or authority or power. I hate to use the word jurisdiction because of what the court earlier identified. I think power might be a better word. Power. The court would have had the power to impose a term of supervised release, but that is not what happened in this case. So let me get the essence of your argument. You're saying that it's not a question of waiver. You can't waive something that wasn't charged in the first place. Correct, Your Honor. And therefore, he could have waived. He could not have waived murder. He could not have waived another crime. He could only waive those things for which he was charged. Exactly, Your Honor. Okay. Thank you very much, Ms. Chan. Let's hear from the government. Good morning, Your Honors. May it please the Court. My name is Jennifer Ware, and I represent the United States of America. We're here today on a conviction that became final on September 8, 2001. You're here on an improper attack on an underlying conviction. The conviction, as of September 8, 2001, was valid. The defendant was sentenced and served his term. The defendant then violated supervised release and was given another term of imprisonment. Counsel, I'm having trouble understanding you. Could you speak louder and more distinctly, please? Sure. Therefore, today we are here. It's the wrong procedure. The defendant is now trying to attack the underlying sentence collaterally. The Court has already noted that the defendant has waived his right to collaterally attack in a plea agreement, a binding plea agreement. And two, this is not the right procedure. He should have appealed within the time from August 29 to September 8, 2001. Therefore, this Court should affirm the sentence below. What, in your view, is the question that we need to answer? Here in this case? Yes. The question I think that needs to be answered, this is the improper procedure to attack an underlying conviction. We really cannot have defendants attacking an underlying conviction by way of a supervised release revocation proceeding. And that's, and that's. Is your answer to Judge Farrison we should just dismiss for lack of jurisdiction? Oh, no. As far as we go? Oh, no. The district court definitely had jurisdiction here, as this Court has already pointed out. Well, jurisdiction is a tricky term. The court of appeals should dismiss the appeal because it is an improper appeal and leave it at that. And that's as far as we need to go with it. Well, I do. It's a soft pitch, Ms. Weyer. Don't muff it. Right. I do think that the Court should dismiss this appeal as it is an improper procedure. We do not want defendants being able to collaterally attack their underlying sentence in an improper way. So we never reach the merits, if that's the disposition. Is that what you want us to do? Well, I think that that's a proper result to dismiss the appeal because it is the improper procedure. If you would like to go to the merits, I do believe. If the case is not properly before us, whatever we would say would be dictum, wouldn't it? We wouldn't have the authority to opine on the substantive merits. Well, I think that's right. I think that this Court, because this is an improper procedure, should dismiss it. However, it's always great to get a court of appeals to. I understand why you like that kind of dictum, but we have to respect our authority as appellate judges. And I would encourage the Court to respect the procedures. And one of those procedures is that this is an improper attack in an underlying sentence. And we should not be encouraging defendants to make collateral attacks that are not supported by the law or the procedure of this Court. Is the only appropriate attack by the defendant a direct appeal, then? Well, I'm not here to determine what the proper procedure is. That would be for his lawyers. But I know that this procedure, the way to attack this underlying sentence through a collateral attack by supervised release for application appeal is not the proper one. So what avenues the defendant has, that's for the attorneys to decide. I'm not asking the government to put itself in defense counsel's shoes. Let's talk about what our case law says. What is the appropriate vehicle? Hypothetically, if it can't be to collaterally attack on a revocation of supervised release. As the Court noted, in United States v. Simmons, a defendant cannot attack an underlying sentence in a collateral way like this. One of the ways to do that would be file a notice of appeal under Federal Rule of Appellate Procedure 4 and appeal your case directly. Another way of doing that would be a 2255, which you have a year after your conviction to go ahead and file. So the defendant has lots of avenues to go ahead and attack his sentence. But as a practical matter, am I correct? He didn't pursue a direct appeal because he pled guilty. He waived that appeal. And more than a year has passed, so he cannot, by virtue of the statute of limitation bar, bring a 2255 petition. So is he just out of luck? Well, as the sentence stands, this Court is right. It's unchallenged, and it is final. So as of now, he served his sentence, and now he went to a supervised release revocation proceeding. So is your answer yes? Is my answer yes? It's a very simple question. To the underlying conviction? Yeah, is he just out of luck? Again, in this proceeding, he's out of luck because this is the wrong procedure. Well, if this is the wrong procedure, then what other procedures? We've talked about three, a direct appeal, a 2255 habeas, and a collateral attack. And if the other two are out, anything else? Well, actually, probably not, Your Honor, because we want finality in criminal cases. And that is why we give defendants so many times to attack. Here, the defendant went into a binding plea agreement. He admitted guilty. And because of the plea agreement, he gave up some of his rights, and we gave up some of our rights. And one of those rights were to appeal, to collaterally attack. This happens all the time. The defendant got a benefit from the agreement, and so does the government. It's a give and take. Here, the defendant had the right to appeal. He had the right to do a 2255, and now the conviction is final. We cannot have district courts looking at underlying sentences on a supervised release revocation proceeding. Their job there is to determine whether the defendant violated the supervised release. What would be the bottom line of the disposition of this Court, in your view? Well, in the first instance, I would say that this is a wrong procedure, and therefore, this Court should dismiss it, because the defendant should not be able to attack an underlying conviction based on a supervised release revocation proceeding. However, if we determine, or if the Court determines to go further, obviously there are many reasons why it should be affirmed, one being the plea agreement, that he waived everything and it was voluntarily. The voluntariness of the plea agreement has never been challenged. And in fact, since it wasn't brought up, it's pretty much conceded. So therefore, there is no basis to attack this sentence and should be affirmed by this Court. Having no further questions? I think not. Ms. Chen, I'll give you another minute, even though I think you used up all your time. Thank you very much, and I will be very brief. The government's main argument is that this is the improper procedure, but this Court has twice held that this is the proper procedure. The only Ninth Circuit case that the government cites is Simmons. And in Simmons, what happened is during a, I believe it was supervised release revocation procedure, the defendant argued that his original conviction was invalid because his plea was coerced because he had not received proper medical care in the facility. In other words, he attempted to attack the validity of his conviction based on facts outside the record. It's no surprise in that context that this Court held the proper procedure would be a 2255 motion. Those facts are wholly inapposite to this case. Mr. Ruiz Camarena is not attempting to attack the validity of his conviction based on the voluntariness of his plea or even the manner in which his sentence was imposed. Mr. Ruiz Camarena is simply saying that the Court below, the first time around, did not have the authority to impose supervised release and cannot now revoke that supervised release. And this Court has twice addressed these types of issues in this type of forum. The first is Doe, which is the case that I cited in my papers, in which this Court held on an appeal of a revocation of supervised release that the Juvenile Delinquency Act does not authorize the imposition of a term of supervised release. But isn't Doe distinguishable? Because in Doe, the government failed to raise an objection to the defendant's collateral tax. In this case, the government did object. In that way, it is distinguishable, Your Honor. But I would argue that in Doe, they talk about waiver. And waiver, which this Court has clarified and the Supreme Court has clarified, is an intentional relinquishment of a known right. It's clear in this case that the district court didn't know, the government didn't know, and defense counsel didn't know what was going on the first time around. So it could not have been a waiver. The second answer, Your Honor, is that in the other case that I discussed, which is U.S. v. Rodriguez, waiver is not brought up at all. In U.S. v. Rodriguez, the defendant did more than waive by not bringing up the court's lack of authority to extend probation. He consented to it. So under this court's case law, that might even be known as an invited error, invited error plus waiver. But in that case, this court did consider on appeal of a probation revocation the legality of the underlying probationary term and held that a defendant cannot consent to an illegal sentence. Okay, Ms. Chen, thank you. I've let you go over. But I very much appreciate the arguments. And the case just argued is submitted, and we'll puzzle our way through it as soon as we can. The next case on the calendar is Michael Gallagher.
judges: Farris, D.W. Nelson, Tallman